UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| REGINA ALPHIN, DERONDA MOORE, and MARI GRIFFIN, | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. 4:04CV874 RWS ) |
| THE BI-STATE DEVELOPMENT AGENCY, d/b/a METRO, | ) ) ) ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

Defendant The Bi-State Development Agency d/b/a Metro operates buses and transportation systems, including the Light Rail System (MetroLink), in the metropolitan area of St. Louis, Missouri. Plaintiffs Regina Alphin, Deronda Moore, and Mari Griffin were employed as electricians for Metro. Plaintiffs have filed a complaint against Metro alleging employment discrimination. Plaintiffs' claims include discrimination based on disparate treatment, hostile work environment, and retaliation. Metro has moved for summary judgment on all claims. Because Plaintiffs have provided sufficient evidence to proceed with their claims Metro's motion for summary judgment will be denied.

*Standard of Review*

In considering whether to grant summary judgment, a district court examines the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any ...." Fed. R. Civ. P. 56(c). Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine

issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Lynn v. Deaconess Medical Center, 160 F.3d 484, 486 (8th Cir. 1998)(citing Fed. R. Civ. P. 56(c)). The party seeking summary judgment bears the initial responsibility of informing the court of the basis of its motion and identifying those portions of the affidavits, pleadings, depositions, answers to interrogatories, and admissions on file which it believes demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Citrate, 477 U.S. 317, 323 (1986). When such a motion is made and supported by the movant, the nonmoving party may not rest on his pleadings but must produce sufficient evidence to support the existence of the essential elements of his case on which he bears the burden of proof. Id. at 324. In resisting a properly supported motion for summary judgment, the plaintiff has an affirmative burden to designate specific facts creating a triable controversy. Crossley v. Georgia-Pacific Corp., 355 F.3d 1112, 1113 (8th Cir. 2004).

Summary judgment should seldom be granted in employment discrimination cases. Hindman v. Transkrit Corp., 145 F.3d 986, 990 (8th Cir. 1998); Hardin v. Hussman Corp., 45 F.3d 262, 264 (8th Cir. 1995). This is because such cases often depend on inferences rather than on direct evidence and, therefore, summary judgment is not appropriate unless all of the evidence points one way and is not susceptible to a reasonable inference for the nonmovant.

*Background*

Plaintiffs are all African American females. They have presented evidence that the were exposed to ongoing and consistent sex and race discrimination while working for Metro. Evidence to support their claims include, but is not limited to:

Plaintiffs were constantly supervised while white male workers were not;

white male managers selectively followed Plaintiff in an attempt to catch them doing

something wrong;

Plaintiffs were referred to as the "black crew;"

Plaintiffs were not allowed to go into Metro's facility to warm up while white males were allowed to do so;

Plaintiff's were not allowed to watch television while white male workers were allowed to do so;

the Director of MetroLink kept only Plaintiffs' files in his office;

Plaintiffs were sent to work alone in remote areas while white males worked in pairs or were given security protection;

Plaintiffs were subjected to discipline while white males were not;

work assignments were unequally assigned with jobs that lead to recognition or promotion only being assigned to white males;

Plaintiffs were not allowed to work with outside contractors while white males could do so;

notes and cartoons about women were left on the time clock;

male workers constantly complaint about not wanting to work with women; and

Plaintiffs were threatened that management was going to provide only them with port-o-potties so that Plaintiffs did not leave the job site.

Defendant offers its own evidence that these allegations are untrue or are not evidence of discrimination. At the summary judgment stage I must view the evidence in the light most favorable to Plaintiffs who are the nonmoving party. Summary judgment is not appropriate unless all of the evidence points one way and is not susceptible to a reasonable inference for Plaintiffs. I

find that genuine issues of material fact exist which make summary judgment in this matter inappropriate.

Metro has also filed a motion to strike based on the admissibility of certain evidence offered by Plaintiffs in their opposition to summary judgment. I find that the voluminous motion to strike is without merit on many issues. Metro will still have the opportunity to challenge Plaintiffs' evidence at the trial of this matter. As a result, I will deny Metro's motion to strike.

Accordingly,

**IT IS HEREBY ORDERED that** Defendant's motion for summary judgment [#35] is **DENIED**.

**IT IS FURTHER ORDERED that** Defendant's motion to strike [#55] is **DENIED**.

**IT IS FURTHER ORDERED that** Defendant's motion for a continuance of the trial setting [#66] is **DENIED**.

**IT IS FURTHER ORDERED that** the parties' pretrial compliance must be filed by **September 20, 2006** and that any objections and motions in limine must be filed by **October 2, 2006**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 7th day of September, 2006.